# W. T. CARNAHAN ET AL.
## v.
## THE PEOPLE, use, etc.

EXECUTION—RETURN—RE-DELIVERY AFTER RETURN MADE.—Where a constable received an execution, and two days thereafter returned it to the justice with his return endorsed on the back, it was a sufficient return of the execution, and it then became *functus officio;* and the fact that he afterward, at the request of the justice, took the execution again and retained it for several months, did not restore it to vitality, or render the constable liable on his official bond for not returning an execution during its life.

APPEAL from the Circuit Court of Logan county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. BEASON & BLINN, for appellants; that the indorsement of a return on the execution and delivery of the same to the justice, was in law a return of the execution, cited Nelson v. Cook, 19 Ill. 440.

Carnahan et al. v. The People.

Mr. E. LYNCH, for appellee; that a failure of a constable to return an execution within ten days after its proper return day, raises a liability on his official bond, cited Rev. Stat. 1874, 654.

Until an execution is actually deposited in the office from which it issued, it is not properly returned, and an indorsement thereon of a return is not sufficient: Nelson v. Cook, 19 Ill. 440.

HIGBEE, P. J.   This suit is brought on the official bond of defendant Carnahan, as a constable, for a failure to return an execution issued by a justice of the peace of Logan county, and placed in his hands for collection.   The defense made is that the execution was returned within the time required by law.

The execution was issued by the justice on the 23d day of May, 1877, and placed in the hands of defendant Carnahan for collection on the day it was issued.   On the 26th day of May, 1877, Carnahan went to the office of the justice who issued the execution and returned several executions, and this one among them with the following indorsement upon it:  "No property found, this the 26th day of May, 1877.   W. T. Carnahan, constable."

The constable laid the executions, including this one, on the justice's desk in his office, and at the time said to the justice, in reference to this one,  "I may as well return this execution." The justice then took up the executions and examined them, and when he came to this one he told the constable that he had received a letter from the plaintiff (who resided in Pike county), and that he said he would be here before a great while, and either indemnify the constable, or point out property subject to execution, and wanted the execution kept alive.   The justice in his testimony says:  "I requested him to take back the execution and hold it until Hathaway came.   He took it and put it in his pocket."   The execution was not delivered to the justice again until the 24th day of August, 1877, when it was handed to him by the constable with the same return it had on it on the 25th of May.   The only question to be decided is, was the execution legally returned on the 26th of May?   We think the

return sufficient. A proper return was made out on the back of the execution, signed by the officer, and it was then delivered to the justice with the intent to return the execution. This is all the law requires to constitute a good return. Nelson et al. v. Cook, 19 Ill. 440.

The act of taking the execution back from the justice after it was legally returned, did not give it new vitality. By the return it became *functus officio*, and the constable by re-possessing himself of it, did not revive its vitality, and he could legally do no act with it which he could not do without it. Philips et al. v. Dana, 3 Scam. 551. It is probable that both the justice and the constable thought that delivering the execution back after it had been returned, would continue it in force, but we do not so understand the law. An execution once returned cannot be renewed by delivering it back to the constable. It was the duty of the justice to note the return, and issue a new one if further steps were to be taken. The execution having been legally returned within the time fixed by law, no cause of action accrued to plaintiff to maintain this suit against the constable and his sureties, and the judgment of the court below is therefore reversed and the cause remanded.

Reversed and remanded.